MARGARET MARY MAHON,
  Plaintiff,

v.

WILLIAMSON COUNTY,
TENNESSEE, et al.,
  Defendants.

Case No. 3:24-cv-01498

Chief Judge William L. Campbell, Jr.
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

Pending before the Court are two motions, including: (i) "Defendants' Lisa Carson & Buerger, Moseley & Carson, PLC Second Motion to Dismiss Amended Complaint with Prejudice" (Doc. No. 17, "Motion to Dismiss") and (ii) "Williamson County Defendants' Second Motion to Dismiss" (Doc. No 21, "Second Motion to Dismiss"). For the reasons described herein, the Motion to Dismiss and Second Motion to Dismiss are DENIED WITHOUT PREJUDICE (Doc. Nos. 17 and 21).

1. **Background**

 a. **The Pleadings**

On December 26, 2024, *pro se* Plaintiff, Margaret Mary Mahon, filed a 46-page "Complaint for Employment Discrimination & Retaliation, Deprivation of Civil Rights Under Color of State Law in Violation of 42 USC 1983 & Malicious Prosecution in Violation of 42 USC 1983" (Doc. No. 1, the "Initial Complaint"). Plaintiff's § 1983 suit is filed against nine Defendants, namely: (i) the Williamson County Tennessee Government, (ii) the Williamson County General Sessions Court, Office of the Magistrate, (iii) Zachary A. Beard, (iv) Hillary Stach, (v) Jodi Stiner, (vi) Molly Holcolmb, (vii) Clair Cochran (collectively, with Defendants Beard, Stach, Stiner, Holcolmb, the Williamson County Tennessee Government, and the Williamson County General

Sessions Court, the "Williamson County Defendants"), (viii) Lisa Carson, and (ix) Bruegger, Moseley & Carson, PLC ("BMC") (Doc. No. 15 at p. 2-4).

On July 15, 2025, the Court denied Defendants' initial motions to dismiss without prejudice because Plaintiff had not paid the filing fee or filed an application to proceed *in forma pauperis* (Doc. Nos. 5, 7, and 10). After Plaintiff paid the filing fee, the Court issued an Order requiring Plaintiff to properly complete summonses (Doc. No. 13). On August 8, 2025, without leave of Court and roughly eight months after filing her Initial Complaint, Plaintiff filed a 423-page complaint (Doc. No. 15, the "Amended Complaint").[1] Summons of the Amended Complaint returned executed between August 15 and August 17, 2025 (Doc. No. 16).[2]

Plaintiff's gender, age, and disability[3] discrimination allegations are asserted under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act (Doc. No. 15 at p. 6, 8). In support, Plaintiff argues that Defendants' discriminatory conduct spans various theories of failure to hire, termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation for reporting misconduct (*Id*. at p. 8).

Next, Plaintiff alleges vague violations of the Fourth and Fourteenth Amendments (*Id*. at p. 10), while also providing threadbare allegations of malicious prosecution (*Id*. at p. 28).

---

[1]     Plaintiff contends that the additional 377 pages to the Amended Complaint are merely "corrective, not supplemental" and treatment as such would "eliminate [her] ability to file an ACTUAL Amended Complaint as of right" (capitalization not added) (Doc. No. 28-1 at p. 5-6).
[2]     Plaintiff served Defendants Stach, Holcolmb, Cochran, the Williamson County Tennessee Government, Carson, and BMC on August 15, 2025 (Doc. No. 16). Plaintiff then served Defendants Beard and the Williamson County General Sessions Court on August 17, 2025 (*Id*.). Notably, summons for Defendant Stiner was issued (Doc. No. 14), but not returned (Doc. No. 16). Nonetheless, the Williamson County Defendants have since stated that "Plaintiff eventually served [them] within the thirty-day period prescribed by the Court" (Doc. 22 at p. 2).
[3]     Plaintiff's disability relates to a "foot injury," specifically an ankle sprain, and PTSD resulting from a sexual assault occurring in 1995 (Doc. Nos. 15 at p. 8, 24 and 28-1 at p. 18).

However, the relevance of these claims are somewhat uncertain considering Plaintiff's later clarification that "this entire cause of action was initiated by Defendant Stach's refusal to allow Plaintiff a reasonable accommodation under ADA" (Doc. No. 28-1 at p. 8).

Finally, Plaintiff alleges various federal and state criminal offenses, including 18 U.S.C. § 1001, Tenn. Code Ann. § 39-16-402, Tenn. Code Ann. § 39-16-403, Tenn. Code Ann. § 39-16-504, and Tenn. Code Ann. § 23-3-108 (Doc. No. 15 at p. 6).[4] Plaintiff later confirms, however, that she "raised the issue and cited criminal statutes to demonstrate criminal actions . . . not to claim a civil right" (Doc. No. 28-1 at p. 7).

**b.        The Motions to Dismiss**

Defendants Carson and BMC filed their 12(b)(6) Motion to Dismiss on September 5, 2025 (Doc. Nos. 17-18). With leave of the Court (Doc. No. 36), Defendants Carson and BMC filed a supplement to their Motion to Dismiss (Doc. Nos. 25-26). Similarly, the Williamson County Defendants filed their Second Motion to Dismiss on September 5, 2025 (Doc. Nos. 21-22). The Williamson County Defendants also filed a later supplement, albeit without leave (Doc. No. 23). Plaintiff filed an omnibus response to both pending Motions to Dismiss on September 24, 2025 (Doc. No. 28), to which Defendants filed their replies (Doc. Nos. 30-31), respectively.

**2.    Analysis**

A party may amend its pleading once as a matter of course either (a) 21 days after serving it or (b) 21 days after service of a responsive pleading or Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

---

[4]    Plaintiff further cites to the following state laws: "TCA 17-5-302, TCA 8-18-101, TCA 8-47-101 . . . Rule 10, Code of Judicial Conduct, TN AOC[;]" however, it is unclear as to what Plaintiff's bare citations are intended to support (Doc. No. 15 at p. 6).

Regarding Rule 15(a)(1), the Initial Complaint was not served on Defendants (Doc. No. 13). Instead, Plaintiff filed the Amended Complaint and then completed summonses of the Amended Complaint (Doc. Nos. 15 and 16). Further, the Amended Complaint preceded both pending Motions to Dismiss (Doc. Nos. 15, 17, and 21). The Amended Complaint would thus not fall within the framework of Rule 15(a)(1) because she did not amend 21 days after service or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1). Alternatively, with respect to Rule 15(a)(2), the Amended Complaint was not filed with Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Indeed, by Plaintiff's own admission the Amended Complaint would not qualify under either 15(a)(1) or 15(a)(2) because it is merely "corrective, not supplemental" (Doc. No. 28-1 at p. 5-6).

Aside from the procedural conundrum, Plaintiff's Amended Complaint faces various substantive hurdles. First, there is no realm of possibility that the Amended Complaint might be construed as containing "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Even if the additional 377 pages in the Amended Complaint were construed as "corrective, not supplemental" (Doc. No. 28-1 at p. 5-6), "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Boone v. Viral Podcast*, No. 3:25-cv-00449, 2025 WL 3709012, at *2 (M.D. Tenn. Dec. 22, 2025) (citing *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021)). Any attempt to cull potentially relevant facts across 15 exhibits and treat them as factual allegations for purposes of reviewing the plausibility of the Amended Complaint "would be a bridge too far." *Boone*, 2025 WL 3709012, at *2; *see Windsor v. Colorado Dep't of Corr.*, 9 Fed. Appx. 967, 968 (10th Cir. 2001) (finding that "[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that

4

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

The Amended Complaint is also rife with various other substantive errors that range from group pleading to conclusory factual allegations and threadbare legal arguments. Further, Plaintiff goes so far as to acknowledge unnecessary criminal arguments that she apparently does not intend to pursue but rather included as some form of demonstration (Doc. No. 28-1 at p. 7). Moreover, Plaintiff's pleadings also fail to set forth what capacity she is suing the Defendants. *See, e.g., Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989) (noting that the Sixth Circuit requires plaintiffs, including *pro se* plaintiffs, seeking damages under § 1983 to set forth clearly in their pleading what capacity they are suing defendants); *see also Goodwin v. Summit Cnty.*, 703 Fed. Appx. 379, 382 (6th Cir. 2017) (unpublished opinion) (citation omitted).

To be clear, the Court has reviewed the record and construed the Amended Complaint in a light most favorable to Plaintiff, accepted all well-pleaded factual allegations as true, and drawn all reasonable inferences in her favor. *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Additionally, considering her *pro se* status, the Court has similarly afforded Plaintiff's Amended Complaint with the appropriately less stringent, liberal standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even after parsing 423 pages of Plaintiff's Amended Complaint to surmise what, if any, allegations are plausibly stated, Plaintiff fails to clearly provide proper notice as to what claims are alleged against each Defendant, let alone plead sufficiently clear factual matter to render such claims plausible. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)

(explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

Considering that Plaintiff contends that she did not amend her Initial Complaint yet failed to complete summonses of the Initial Complaint, the resulting confusion as to whether the Amended Complaint is the principal pleading, and Plaintiff's *pro se* status, 12(b)(6) analysis is not yet appropriate.[5] Instead, the Court will now require Plaintiff to file a Second Amended Complaint to supersede all prior pleadings. The Second Amended Complaint must comply with the requirements of Rule 8 and allow the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and P. § 1476 (3d ed. supp. July 2023); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Additionally, where appropriate, the Second Amended Complaint may refer to specific facts in attached exhibits, but Plaintiff may not plead her case by vaguely asserting claims in the Second Amended Complaint and relying on entire exhibits to supply facts not particularly referred to in the principal pleading. *See Boone*, 2025 WL 3709012, at *2; *see also* Fed. R. Civ. P. 10(c) ("[F]ailure to specifically identify which portions of the . . . exhibit[ ] [the plaintiff] intends to incorporate by reference into the Amended Complaint makes it impossible for the Court or the defendants to ascertain the nature and extent of the incorporation, and the purported incorporation is therefore invalid").

**3.      Conclusion**

Accordingly, no later than June 26, 2026, Plaintiff must file a Second Amended Complaint. Plaintiff is cautioned, however, that should she fail to file a Second Amended Complaint, this

---

[5]      The Court has concluded that a non-dispositive resolution to the pending motions are appropriate, given the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation.

action may be dismissed. Additionally, Plaintiff is advised that, even proceeding *pro se*, she must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

Considering the foregoing, Defendants' Motion to Dismiss (Doc. No. 17) and Second Motion to Dismiss (Doc. No. 21) are DENIED WITHOUT PREJUDICE to renewal at a subsequent stage of the proceedings, if appropriate.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

7